UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA WHITEHURST, RAINELL OWENS, NICOLE RICHARDSON, ERNEST DAVIDSON, QIAWNI MICOU, LUCIEN METELLUS, DINA GARDNER, JENNIFER DANIEL, TAKITA MASON, ASIA SANDERS, GAIL RODRIGUEZ, MARIE ST. AUDE, CLETUS HYACINTH, ELLIS WHITEHURST, RALPH DEJEAN, AND LORRAINE STANFORD | **ECF Case**  **Case No. 11-cv-0767 (CM) (RLE)** |

Plaintiffs,

- against -

230 FIFTH, INC. AND JOHN DOES (1-5),

Defendants.

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT

---

**FOX ROTHSCHILD LLP**
100 Park Avenue, Suite 1500
New York, NY  10017
Tel: (212) 878-7900
Fax: (212) 692-0940

*On Brief*:

Carolyn D. Richmond, Esq.
Ernest E. Badway, Esq.
Glenn S. Grindlinger, Esq.

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

RELEVANT FACTS ...................................................................................................................4

ARGUMENT ...............................................................................................................................6

I.     THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE
       PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD A VIABLE CLAIM ..........6

     A.    The Complaint Fails To Allege Any Government Action And Therefore
          Plaintiffs' Section 1983 Claim Should Be Dismissed .............................................7

     B.    Plaintiffs' Fail To Allege A Conspiracy And Therefore Their Section 1985
          Claim Should Be Dismissed In Its Entirety .............................................................8

            1.    *Plaintiffs Fail To Allege A "Conspiracy"* ................................................. 8

            2.    *The Intra-Conspiracy Immunity Doctrine Renders a Conspiracy*
                 *Impossible* ..................................................................................... 10

     C.    Plaintiffs' Section 1986 Claim Fails As A Matter Of Law....................................10

     D.    Section 1988 Does Not Create A Separate Cause Of Action And Therefore
          This Claim Should Be Dismissed ..........................................................................11

     E.    Plaintiffs' Section 2000a Claim Should Be Dismissed Because Plaintiffs
          Failed To Exhaust Their Administrative Remedies And They Cannot
          Obtain Any Relief Under This Statute.....................................................................12

     F.    Plaintiffs' Section 1981 Claim And Their State And Local Law Claims
          Should Be Dismissed .............................................................................................14

CONCLUSION...........................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abdi v. Brookhaven Sci. Assocs.*,
447 F.Supp.2d 221 (E.D.N.Y. 2006) .....................................................................................9, 11

*American Manufacturers Mutual Ins. Co. v. Sullivan*,
526 U.S. 40 (1999)......................................................................................................................7

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009)................................................................................................................6

*Bary v. Delta Airlines, Inc.*,
CV-02-5202(DGT), 2009 WL 3260499 (E.D.N.Y. Oct. 9, 2009)..........................................15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................................6, 15

*Bilello v. Kum & Go, LLC*,
374 F.3d 656 (8th Cir. 2004) ..................................................................................................12

*Bishop v. Henry Modell & Co.*,
No. 08 Civ. 7541 (NRB), 2009 WL 3762119 (S.D.N.Y. Nov. 10, 2009) .............................11

*Brown v. City of Oneonta*,
221 F.3d 329 (2d Cir. 2000).....................................................................................................15

*Ciambriello v. County of Nassau*,
292 F.3d 307 (2d Cir. 2002)......................................................................................................7

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983)....................................................................................................................14

*Drayton v. Toys 'R' Us Inc.*,
645 F.Supp.2d 149 (S.D.N.Y. 2009)........................................................................................14

*Farbstein v. Hicksville Public Library*,
323 F.Supp.2d 414 (E.D.N.Y. 2004) .......................................................................................14

*Gagliardi v. Village of Pawling*,
18 F.3d 188 (2d Cir. 1994)........................................................................................................11

*Ghaznavi v. Days Inn of America, Inc.*,
No 91-cv-4520 (MBM), 1993 WL 330477 (S.D.N.Y. Aug. 20, 1993) ...................................13

*Gollomp v. Spitzer*,
No. 1:06-cv-802 (FJS/RFT), 2007 WL 433361 (N.D.N.Y. Feb. 5, 2007).............................12

*Graham v. Long Island R..R.*,
230 F.3d 234 (2d Cir. 2000)..................................................................................................16

*Haley v. Pataki*,
106 F.3d 478 (2d Cir. 1997)....................................................................................................7

*Hart v. Westchester County Department of Social Services*,
160 F.Supp.2d 570 (S.D.N.Y. 2001)......................................................................................15

*Herrmann v. Moore*,
576 F.2d 453 (2d Cir. 1978)..................................................................................................10

*Hill v. Rayboy-Brauestein*,
467 F.Supp.2d 336 (S.D.N.Y. 2006)......................................................................................15

*Hoffman v. Halden*,
268 F.2d 280, 295 (9th Cir. 1959) ...................................................................................... 8-9

*Joseph v. New York Yankees Pshp.*,
No. 00-cv-2275 (SHS), 2000 WL 1559019 (S.D.N.Y. Oct. 19, 2000)....................................15

*Kia P. v. McIntyre*,
235 F.3d 749 (2d Cir. 2000)....................................................................................................7

*Lester v. B'ing The Best, Inc.*,
No 09-81525-CIV, 2010 WL 4942835 (S.D.Fla. Nov. 30, 2010) ...........................................14

*Little v. City of N.Y.*,
487 F.Supp.2d 426 (S.D.N.Y. 2007)......................................................................................10

*Lizardo v. Denny's, Inc.*,
No 97-CV-1234 (FJS)(GKD), 2000 WL 976808 (N.D.N.Y. July 13, 2000), *aff'd*, 270
F.3d 94 (2d Cir. 2001)......................................................................................................14, 16

*Macedonia Church v. Lancaster Hotel Ltd. Partnership*,
425 F.Supp.2d 258 (D.Conn. 2006).......................................................................................12

*Martin Hodas, East Coast Cinematics, Inc. v. Lindsay*,
431 F.Supp. 637, 643-44 (S.D.N.Y. 1977) .............................................................................9

*McKnight v. Middleton*,
699 F.Supp.2d 507 (E.D.N.Y. 2010) ....................................................................................16

*Moor v. Alameda County*,
411 U.S. 693 (1973)..............................................................................................................11

*Nealy v. Berger*,
   No. 08-CV-1322 (JFB)(AKT), 2009 WL 704804 (E.D.N.Y. March 16, 2009) ....................... 8

*Newman v. Piggie Park Enters., Inc.*,
   390 U.S. 400 (1968) ................................................................................................. 13

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ................................................................................................. 14

*Paige v. Police Dept. of City of Schenectady*,
   264 F.3d 197 (2d Cir. 2001) ..................................................................................... 11

*Perry v. S.Z. Restaurant Corp.*,
   No. 95-cv-5424 (RO), 1998 WL 778394 (S.D.N.Y. Nov. 6, 1998) ........................................ 13

*Richards v. N.Y. State Dep't of Corr. Servs.*,
   572 F.Supp. 1168 (S.D.N.Y. 1983) ........................................................................... 9

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007) ....................................................................................... 6

*Shue v. United States*,
   No. 10-cv-2501 (JS)(WDW), 2010 WL 3613858 (E.D.N.Y. Sept. 3, 2010) ........................... 12

*Tancredi v. Metro. Life Ins. Co.*,
   316 F.3d 308 (2d Cir. 2003), *cert. denied*, 539 U.S. 942 (2003) ................................................ 7

*Thomas v. Roach*,
   165 F.3d 137 (2d Cir. 1999) .................................................................................... 8, 9

*Vazquez v. Combs*,
   No. 04 Civ. 4189 (GEL), 2004 WL 2404224 (S.D.N.Y. Oct. 22, 2004) ................................... 8

*Weiss v. Violet Realty, Inc.*,
   160 Fed. Appx. 119, 2005 WL 3527870 (2d. Cir. Dec. 23, 2005) ........................................ 12

*Woolford v. Restaurant Concepts*, II, LLC,
   No. 4:07-cv-011, 2008 WL 217087 (S.D.Ga. Jan. 23, 2008) ................................................. 14

*Yusuf v. Vassar College*,
   35 F.3d 709 (2d Cir. 1994) ...................................................................................... 15

*Zaidi v. Amerada Hess Corp.*,
   723 F.Supp.2d 506 (E.D.N.Y. 2010) ................................................................... 7, 10

**STATUTES**

28 U.S.C. § 1446(b) ..................................................................................................................1

42 U.S.C. § 1981 ............................................................................................................. passim

42 U.S.C. § 1983 ..........................................................................................................1, 2, 7

42 U.S.C. § 1985 ...............................................................................................1, 2, 8, 9, 10

42 U.S.C. § 1985(3) ............................................................................................................8

42 U.S.C. § 1986 .............................................................................................1, 2, 3, 10, 11

42 U.S.C. § 1988 .............................................................................................1, 3, 11, 12

42 U.S.C. § 2000a ..........................................................................................................1, 3

42 U.S.C. § 2000a-3(a) ....................................................................................................13

42 U.S.C. § 2000a-3(c) ....................................................................................................12

N.Y. Exec. L. § 296 .........................................................................................................12

N.Y. Exec L. § 297(5) ......................................................................................................13

New York Civil Rights Law § 40 ...................................................................................1, 2

New York Civil Rights Law § 41 ...................................................................................1, 5

**RULES**

Fed. R. Civ. P. 12(B)(1) ...............................................................................................1, 2, 17

Fed. R. Civ. P. 12(B)(6) ...............................................................................................1, 2, 17

## PRELIMINARY STATEMENT

Defendant 230FA LLC d/b/a 230 Fifth, improperly pled as "230 Fifth, Inc." (hereinafter "Defendant" or "230 Fifth"), submits this memorandum of law in support of its Motion to Dismiss with prejudice the Verified Complaint ("Complaint") of plaintiffs Christina Whitehurst, Rainell Owens, Nicole Richardson, Ernest Davidson, Qiawni Micou, Lucien Metellus, Dina Gardner, Jennifer Daniel, Takita Mason, Asia Sanders, Gail Rodriguez, Marie St. Aude, Cletus Hyacinth, Ellis Whitehurst, Ralph Dejean, and Lorraine Stanford (collectively "Plaintiffs") pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

On or about January 13, 2011, pursuant to New York Civil Rights Law §§ 40 and 41, Plaintiffs sent a notice to 230 Fifth stating that they will be filing a verified complaint in the Supreme Court of the State of New York, County of Bronx against Defendant and John Does (1-5).[1]  *See* Affirmation of Carolyn D. Richmond ("Richmond Aff."), Ex. A for a true and correct copy of the notice.  The notice contained a copy of the Complaint, which had been signed by Plaintiffs' counsel.  *Id.*  On February 3, 2011, pursuant to 28 U.S.C. § 1446(b), 230 Fifth timely removed the action to this Court.

In their Complaint, Plaintiffs allege that, one evening, when they patronized 230 Fifth, they were discriminated against and otherwise denied their civil rights on account of their race. *See* Richmond Aff., Ex. B for a true and correct copy of the Complaint.  Specifically, Plaintiffs claim that Defendant discriminated against them and denied them service in violation of 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and 2000a; the New York State Human Rights Law

---

[1]  Upon information and belief, John Does (1-5) have not been properly served with a copy of the Summons and Complaint and have not been identified as employees of 230 Fifth, therefore, no representation is being made on their behalf.  However, 230 Fifth respectfully requests that for the reasons cited herein, the Court *sua sponte* dismiss the Complaint against John Does (1-5).

("HRL"); New York Civil Rights Law § 40 ("Civil Rights Law"); and the New York City Human Rights Law ("CHRL"). *See id.* Defendant requests that this Court dismiss the instant lawsuit with prejudice under Federal Rules of Civil Procedure 12(b)(1) and (6) on the grounds that, even assuming the facts set forth in the Complaint are true, all of Plaintiffs' claims fail as a matter of law and otherwise fail to meet the pleading requirements set forth in the Federal Rules of Civil Procedure, as interpreted by the United States Supreme Court. In addition, Plaintiffs' Section 2000a claim should be dismissed on the grounds that this Court lacks subject matter jurisdiction.

Plaintiffs' claim under 42 U.S.C. § 1983 ("Section 1983") fails as a matter of law. Section 1983 prohibits only state actors from depriving the Constitutional or civil rights of an individual because of the individual's race. As such, Plaintiffs must allege that Defendant is a state actor or, at the very least, was acting under the color of state law. The Complaint makes no such allegation, and therefore this claim should be dismissed.

Plaintiffs' claim under 42 U.S.C. § 1985 ("Section 1985") also fails as a matter of law. As more fully explained below, in order to state a Section 1985 claim, Plaintiffs must allege a conspiracy to interfere with or otherwise violate an individual's civil rights. The instant Complaint does not allege any such conspiracy. Further, the intra-corporate immunity doctrine renders any purported conspiracy a legal impossibility because employees acting within the scope of their employment cannot conspire with their employer under Section 1985. Accordingly, Plaintiffs' Section 1985 claim should be dismissed.

It follows that, because Plaintiffs cannot assert a Section 1985 claim, they also cannot assert a claim under 42 U.S.C. § 1986 ("Section 1986"). Courts in the Second Circuit routinely hold that in order to prevail on a Section 1986 claim, a plaintiff must have a viable conspiracy

claim under Section 1985. Accordingly, because Plaintiffs do not have a viable Section 1985 claim they cannot have a claim under Section 1986. Furthermore, Section 1986 claims are subject to a one year statute of limitations. Because the Complaint was filed more than one year after the alleged discriminatory incidents occurred, Plaintiffs' Section 1986 claim is also time-barred. Therefore, as a matter of law, Plaintiffs' Section 1986 claim should be dismissed.

The Complaint attempts to assert a cause of action under 42 U.S.C. § 1988 ("Section 1988"). Courts have long held that this statute does not create an independent cause of action; rather, it only establishes post-trial relief that a plaintiff may receive in the event he or she prevails on specific civil rights claims. As such, this claim should be dismissed.

Plaintiffs' claim under 42 U.S.C. § 2000a ("Section 2000a") should be dismissed as well for two reasons. First, Plaintiffs have failed to comply with the statute by providing written notice to the New York State Division of Human Rights. Providing such written notice is a necessary prerequisite to filing a Section 2000a claim in New York and Plaintiffs' failure to do so leaves this Court without subject matter jurisdiction to hear this claim. Second, Plaintiffs cannot obtain monetary damages under Section 2000a; they can only obtain injunctive relief. The Complaint, however, fails to assert a likelihood that Plaintiffs will be discriminated against in the future or otherwise suffer irreparable injury – resulting in the need for injunctive relief. Accordingly, under applicable law, Plaintiffs cannot obtain injunctive relief and therefore their Section 2000a claim should be dismissed.

Finally, Plaintiffs' remaining claims under 42 U.S.C. § 1981 ("Section 1981"), the Civil Rights Law, HRL, and the CHRL, fail to meet basic pleading standards and should be dismissed as these claims rely entirely on speculation and conjecture. The Complaint is simply devoid of any alleged facts from which one could conclude that Defendant intentionally discriminated

against Plaintiffs on the basis of race -- as required by law. There are no allegations that Defendant used racist or derogatory language. Beyond mere speculation, there are no allegations that Defendant subjected Plaintiffs to a different standard than white patrons. Indeed, there are no facts that similarly-situated white patrons were treated any differently than Plaintiffs. As such, Plaintiffs' Section 1981, Civil Rights Law, HRL, and CHRL claims should be dismissed.

Accordingly, Plaintiffs' Complaint fails to satisfy applicable pleading standards and should therefore be dismissed in its entirety.

## **RELEVANT FACTS**[2]

Defendant operates the private restaurant and lounge known as "230 Fifth," which is located in Manhattan. *See* Richmond Aff., Ex. B, ¶¶ 19, 20. On or about September 26, 2009, Plaintiff Rainell Owens ("Owens"), who is allegedly African-American, called 230 Fifth and allegedly spoke with a woman named "Ruby." *See* Richmond Aff., Ex. B, ¶ 26. Owens claims that she made a reservation at 230 Fifth for 25-30 people for October 10, 2009. *See id.* Owens claimed that "Ruby" told her that she could pay cash on the evening of October 10th and that her party could bring a cake into the restaurant. *See* Richmond Aff., Ex. B, ¶ 28.

On October 10, 2009, Owens arrived at 230 Fifth with her guests, which included the remaining Plaintiffs, all of whom are purportedly African-American. *See* Richmond Aff., Ex. B, ¶¶ 1, 3-16, 29. When Plaintiffs arrived, the Complaint alleges that the host told Owens that her reservation was not in the system. *See* Richmond Aff., Ex. B, ¶ 31. Nevertheless, 230 Fifth politely escorted Plaintiffs into the lounge and assigned them a server. *See* Richmond Aff., Ex. B, ¶ 34. The unnamed server allegedly told Owens that Plaintiffs would need to start a tab on a credit card and that there was a $1,000 minimum plus 10% tip. *See* Richmond Aff., Ex. B, ¶ 36.

---

[2] Defendant assumes that the facts set forth in the Complaint are true for purposes of this motion only.

There is no allegation that white patrons were not subject to the same minimums as Plaintiffs. *See generally*, Richmond Aff., Ex. B.

After approximately twenty minutes, Owens claims that she was informed that 230 Fifth was prohibiting her guests from bringing a cake into the restaurant. *See* Richmond Aff., Ex. B, ¶42. After discussing the situation with a manager, Owens claims that Plaintiffs were permitted to bring the cake into the establishment. *See* Richmond Aff., Ex. B, ¶¶ 44-46. A few "moments" after the cake was "placed . . . on the table," the manager told Owens that "they have to hurry up and get rid of the cake" because the owner of 230 Fifth was afraid that the cake was going to "mess up the furniture." *See* Richmond Aff., Ex. B, ¶ 48. There is no allegation that Plaintiffs were forbidden from finishing their cake or that white patrons were permitted to bring a cake into the restaurant without any issues. *See generally*, Richmond Aff., Ex. B.

Later that evening, a 230 Fifth manager allegedly asked Plaintiffs to sit down. *See* Richmond Aff., Ex. B, ¶ 52. Plaintiffs allege that white patrons near them were standing, but 230 Fifth did not ask them to sit down. *See* Richmond Aff., Ex. B, ¶ 53. However, there is no allegation that the white patrons, who were standing, were part of a large group or blocking a major passageway that other patrons had to traverse to get to the bar. Plaintiffs also claim that white patrons were sitting on another sofa eating, but they were not bothered by management. *See* Richmond Aff., Ex. B, ¶ 54. There is no allegation, however, that the white patrons brought in food from outside 230 Fifth. *See generally*, Richmond Aff., Ex. B.

Plaintiffs allege that a manager warned them that they were becoming a problem. *See* Richmond Aff., Ex. B, ¶ 55. Later, a manager asked Plaintiffs to leave the establishment, which they did after Defendant had refunded Plaintiffs their money. *See* Richmond Aff., Ex. B, ¶¶ 58, 61.

Over one year later – fifteen months later, in fact – on or about January 13, 2011, pursuant to New York Civil Rights Law section 41, Plaintiffs sent notice of the instant suit to the New York Attorney General and Defendant. *See* Richmond Aff., Ex. A. The notice contained a copy of the signed Complaint, which indicated that it was going to be filed in the Supreme Court of the State of New York, Bronx County. *See id.* Defendant received the notice and the Complaint on or about January 18, 2011, and timely removed the action to this Court.

## **ARGUMENT**

## I.   **THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD A VIABLE CLAIM**

To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, *see Roth v. Jennings*, 489 F.3d 499, 501 (2d Cir. 2007), the court should ignore any allegations that are based solely on speculation, conjecture, opinions, or legal conclusions. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Although the law "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation."). The plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As detailed below, all of Plaintiffs' claims suffer from a number of fatal pleading deficiencies requiring dismissal of the Complaint in its entirety.

### A.     The Complaint Fails To Allege Any Government Action And Therefore Plaintiffs' Section 1983 Claim Should Be Dismissed

"In order to state a claim under [Section] 1983, a plaintiff must allege [i] that the challenged conduct was attributable at least in part to a person acting under color of state law, and [ii] that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Haley v. Pataki*, 106 F.3d 478, 482 (2d Cir. 1997). Thus, "this requirement excludes from the reach of Section 1983 private conduct 'however discriminatory or wrongful.'" *Zaidi v. Amerada Hess Corp.*, 723 F.Supp.2d 506, 514 (E.D.N.Y. 2010) (*quoting American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). In limited circumstances, a private party may be deemed to be "acting under color of state law" when the party's actions "become so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action[.]" *Kia P. v. McIntyre*, 235 F.3d 749, 756-57 (2d Cir. 2000). That is, there must be "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003), *cert. denied*, 539 U.S. 942 (2003). As such, to state a Section 1983 claim against a private entity, "the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). Plaintiffs' Complaint fails to allege any facts implicating a state actor.

Plaintiffs have not alleged that Defendant is a governmental entity. Furthermore, the Complaint does not mention any alleged government action by Defendant or any other individual or entity. In fact, Plaintiffs failed to make any assertion that Defendant was an agent of the government or that its actions were in any way "entwined with governmental policies or [ ]

impregnated with a governmental character." *Kia P.*, 235 F.3d at 756-57.   Indeed, Plaintiffs failed to plead that Defendant acted in concert with any state actor.   Thus, there are no allegations permitting the Court to draw the reasonable inference that 230 Fifth could be liable under Section 1983. Accordingly, Plaintiffs' Section 1983 claim should be dismissed. *See, e.g., Zaidi*, 723 F.Supp.2d at 514 (dismissing Section 1983 claim because plaintiffs failed to plead facts showing that defendants acted under the authority of the state); *Nealy v. Berger*, No. 08-CV-1322 (JFB)(AKT), 2009 WL 704804, *4 (E.D.N.Y. March 16, 2009) (dismissing Section 1983 claim because plaintiff did not allege that defendants were state actors or otherwise acting under the color of state law); *Vazquez v. Combs*, No. 04 Civ. 4189 (GEL), 2004 WL 2404224, *3 (S.D.N.Y. Oct. 22, 2004) (same).

### B. Plaintiffs' Fail To Allege A Conspiracy And Therefore Their Section 1985 Claim Should Be Dismissed In Its Entirety

Section 1985 creates a cause of action for civil conspiracies that interfere with an individual's civil rights. *See* 42 U.S.C. § 1985(3).   In order to state a claim under Section 1985, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property[.]" *Thomas v. Roach*, 165 F.3d 137 (2d Cir. 1999).   Plaintiffs cannot meet this pleading requirement.   Moreover, the intra-corporate immunity doctrine makes a conspiracy impossible in this case.

#### 1.   *Plaintiffs Fail To Allege A "Conspiracy"*

Courts in the Second Circuit have long held that "[a] complaint alleging a conspiracy under Section 1985 must 'set forth with certainty, facts showing particularity what a defendant or defendants did to carry the conspiracy into effect, whether such acts fits within the framework of

the conspiracy alleged, and whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff.'" *Richards v. N.Y. State Dep't of Corr. Servs.*, 572 F.Supp. 1168, 1174 (S.D.N.Y. 1983) (*citing Martin Hodas, East Coast Cinematics, Inc. v. Lindsay*, 431 F.Supp. 637, 643-44 (S.D.N.Y. 1977) and *quoting Hoffman v. Halden*, 268 F.2d 280, 295 (9th Cir. 1959)); *see also Thomas*, 165 F.3d at 147 ("[A] plaintiff alleging conspiracy under [Section] 1985 must allege, with at least some degree of particularity, over acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy."). Under this standard, the complaint must specifically allege an agreement between two or more persons to deprive the plaintiff of his or her civil rights as well as the specific acts individuals undertook in furtherance of that agreement.

Plaintiffs' Complaint falls far short of the pleading requirements necessary to establish a Section 1985 claim for several reasons. First, the Complaint does not even mention the word "conspiracy." Second, the Complaint contains no facts detailing any agreement between two or more persons to deprive Plaintiffs of their civil rights. Third, there are no facts in the Complaint detailing any overt act in furtherance of the purported conspiracy. Fourth, the Complaint does not allege that Plaintiffs were specifically damaged by the purported conspiracy. In short, the Complaint simply does not allege any facts (much less with specificity and particularized facts) that would support a Section 1985 claim and therefore this claim should be dismissed. *See, e.g., Abdi v. Brookhaven Sci. Assocs.*, 447 F.Supp.2d 221, 226-227 (E.D.N.Y. 2006) (dismissing Section 1985 claim because plaintiff only offered conclusory allegations and suppositions which were insufficient to meet the necessary pleading requirements.); *Richards*, 572 F.Supp. at 1174 (S.D.N.Y. 1983) (concluding that the plaintiff did not sufficiently allege a Section 1985

9

conspiracy because the complaint "contain[ed] nothing more than generalized, unsupported allegations and simple conclusions, which do not describe the parameters of a conspiracy.")

### 2.    The Intra-Conspiracy Immunity Doctrine Renders a Conspiracy Impossible

Assuming, *arguendo*, that the Complaint could set forth a claim for conspiracy, the intra-corporate immunity doctrine makes a conspiracy legally impossible.   Under the intra-corporate immunity doctrine, "members of a single entity cannot be found to have conspired together with such entity or with each other in their capacity as members of the entity." *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978) (rejecting plaintiff's Section 1985 claim because each defendant was a trustee or employee of the defendant corporation); *Little v. City of N.Y.*, 487 F.Supp.2d 426, 441-42 (S.D.N.Y. 2007) (dismissing Section 1985 claim because defendants both were employees of New York City and were acting within the scope of their employment.).   The only individuals referenced in the Complaint are Defendant's employees, managers, and owner. As such, all of these individuals are part of the same corporate entity. *See Little*, 487 F.Supp.2d at 441-42.   Thus, the intra-corporate immunity doctrine would apply here, and renders a conspiracy legally impossible.   Accordingly, Plaintiffs cannot state a claim under Section 1985 and this claim should be dismissed as a matter of law.

### C.    Plaintiffs' Section 1986 Claim Fails As A Matter Of Law

Section 1986 provides a cause of action against those individuals, who have the power to prevent a Section 1985 conspiracy, and do nothing to prevent the commission of a Section 1985 conspiracy. *See* 42 U.S.C. § 1986.   Thus, Section 1986 claims are specifically tied to Section 1985 claims.   Where a plaintiff fails to allege a viable Section 1985 claim, a Section 1986 claim is not possible. *See Zaidi*, 723 F.Supp.2d at 516 ("In view of the fact that the court has dismissed Plaintiffs' Section 1985 conspiracy cause of action, the claim pursuant to Section 1986 must be

dismissed); *Abdi*, 447 F.Supp.2d at 227 ("As for the § 1986 claim, no such claim lies unless there is a viable conspiracy claim under § 1985."); *see also Gagliardi v. Village of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) (upholding dismissal of Section 1986 claim because the court dismissed Section 1985 claim). As set forth above, Plaintiffs' Section 1985 claim is not viable; therefore, the Court should dismiss Plaintiffs' Section 1986 claim as well.

In addition, there is a one year statute of limitations for Section 1986 claims. *See* 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."); *Paige v. Police Dept. of City of Schenectady*, 264 F.3d 197, 199 n. 2 (2d Cir. 2001) ("For actions brought pursuant to [Section] 1986, the limitations period is one year."); *Bishop v. Henry Modell & Co.*, No. 08 Civ. 7541 (NRB), 2009 WL 3762119, *5 (S.D.N.Y. Nov. 10, 2009) (Section 1986 "expressly provides for a one-year limitations period."). The Complaint claims that the alleged discriminatory acts occurred on October 10, 2009. *See generally*, Richmond Aff., Ex. B. The Complaint is dated January 13, 2011, which is more than one year after October 10, 2009. *Id.* As such, Plaintiffs' Section 1986 claim is time-barred and therefore it should be dismissed.

**D.    Section 1988 Does Not Create A Separate Cause Of Action And Therefore This Claim Should Be Dismissed**

By its express terms, Section 1988 does not create an independent cause of action; rather it solely provides for post-trial relief in the event a plaintiff prevails in an action or proceeding to enforce certain federal statutes. *See generally*, 42. U.S.C. § 1988. In fact, as the United States Supreme Court noted over thirty-five years ago, Section 1988 "was obviously intended to do nothing more than to explain the source of law to be applied in actions brought to enforce the substantive provisions of [certain federal statutes]." *Moor v. Alameda County*, 411 U.S. 693, 705 (1973). As such, courts in the Second Circuit have held that Section 1988 does not give rise to

11

an independent cause of action. *See, e.g., Weiss v. Violet Realty, Inc.*, 160 Fed. Appx. 119, 2005 WL 3527870, *1 (2d. Cir. Dec. 23, 2005) (upholding dismissal of Section 1988 claim because Section 1988 "does not provide an independent cause of action."); *Shue v. United States*, No. 10-cv-2501 (JS)(WDW), 2010 WL 3613858, * 4 (E.D.N.Y. Sept. 3, 2010) ("Plaintiff also lists 42 U.S.C. § 1988 as a basis for his claims. Section 1988 provides no independent cause of action[.]"); *Gollomp v. Spitzer*, No. 1:06-cv-802 (FJS/RFT), 2007 WL 433361, *7 n.6 (N.D.N.Y. Feb. 5, 2007) ("[T]o the extent that Plaintiff's tenth cause of action seeks attorney's fees under § 1988, there is no separate cause of action under § 1988, rather § 1988 provides a form of relief." (citations omitted)). Because Section 1988 does not create an independent claim, the Court should dismiss this claim.

> ### E. Plaintiffs' Section 2000a Claim Should Be Dismissed Because Plaintiffs Failed To Exhaust Their Administrative Remedies And They Cannot Obtain Any Relief Under This Statute

Under Section 2000a, if the act or conduct given rise to the claim itself occurs in a state or locality that prohibits such act or conduct, a plaintiff is prohibited from filing a civil action "before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority." 42 U.S.C. § 2000a-3(c). This requirement is jurisdictional and the failure to comply with it bars the action as the court lacks subject matter jurisdiction to hear the claim. *See Bilello v. Kum & Go, LLC*, 374 F.3d 656, 659 (8th Cir. 2004) ("[S]ince the requirements of section 2000a-3(c) are jurisdictional . . . these procedural prerequisites must be satisfied before [the court has] jurisdiction over a section 2000a claim"); *Macedonia Church v. Lancaster Hotel Ltd. Partnership*, 425 F.Supp.2d 258, 261 (D.Conn. 2006) ("[I]t appears the plaintiffs were required, pursuant to 42 U.S.C. § 2000a-3(c), to file a complaint with the [Pennsylvania] Commission more than 30 days prior to filing this action as a prerequisite to filing this action."). Plaintiffs failed to properly comply with this prerequisite.

In New York, the proper governmental authority to notify about allegations of discrimination in places of public accommodation is the New York State Division of Human Rights ("DHR"). *See* N.Y. Exec. L. § 296; *Ghaznavi v. Days Inn of America, Inc.*, No 91-cv-4520 (MBM), 1993 WL 330477, *3 (S.D.N.Y. Aug. 20, 1993) ("[P]laintiff cannot bring a suit in federal court [under Section 2000a] until she has filed a notice with the Human Rights Commissioner of New York State."); *see also Perry v. S.Z. Restaurant Corp.*, No. 95-cv-5424 (RO), 1998 WL 778394, *2 (S.D.N.Y. Nov. 6, 1998) (noting that prior to filing a claim under Section 2000a, plaintiff was required to send written notice to DHR). Plaintiffs' Complaint does not allege that they filed the requisite notice with the DHR prior to instituting this action.

Furthermore, Plaintiffs cannot correct this defect because the statute of limitations for filing complaints of discrimination with the DHR is one year, and the actions alleged in the Complaint occurred in 2009. *See* N.Y. Exec L. § 297(5); *Perry*, 1998 WL 778394 at *2 ("New York law provides a one-year statute of limitations running from the date of the event for complaints of discriminatory practices."). Accordingly, Plaintiffs' claim under Section 2000a should be dismissed because Plaintiffs failed to exhaust their administrative remedies and thus, this Court lacks subject matter jurisdiction to hear this claim.

Assuming, *arguendo*, that Plaintiffs complied with the necessary administrative prerequisites, their Section 2000a claim would still fail because they cannot obtain any relief under that statute. Plaintiffs pursuing a claim under Section 2000a may not obtain monetary damages; they can only obtain injunctive relief. *See* 42 U.S.C. § 2000a-3(a); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Section 2000a], he cannot recover monetary damages" only injunctive relief). As such, Plaintiffs must demonstrate that there is a "real or immediate threat that [they] will be wronged again – 'a

13

likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (*quoting O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). The Complaint presents no facts that would support such a finding. The Complaint does not allege that any of the Plaintiffs intend on patronizing Defendant's establishment in the future. Indeed, there are no allegations in the Complaint that Plaintiffs face a "real or immediate threat that [they] will be wronged again." *Id.* Thus, Plaintiffs cannot obtain any injunctive relief and therefore their Section 2000a claim should be dismissed. *See, e.g., Farbstein v. Hicksville Public Library*, 323 F.Supp.2d 414, 418-19 (E.D.N.Y. 2004) (granting defendant's Rule 12(c) motion and dismissing Section 2000a claim because, among other things, plaintiff did not "allege a likelihood of substantial and immediate irreparable injury."); *Lizardo v. Denny's, Inc.*, No 97-CV-1234 (FJS)(GKD), 2000 WL 976808, *7 (N.D.N.Y. July 13, 2000), *aff'd*, 270 F.3d 94 (2d Cir. 2001) (dismissing Section 2000a claim because plaintiffs could not demonstrate that they will be discriminated against in the future by defendants); *see also Lester v. B'ing The Best, Inc.*, No 09-81525-CIV, 2010 WL 4942835, *6 (S.D.Fla. Nov. 30, 2010) (dismissing Section 2000a claim because plaintiff did not allege that she would suffer any immediate and irreparable injury necessary to obtain injunctive relief); *Woolford v. Restaurant Concepts, II, LLC*, No. 4:07-cv-011, 2008 WL 217087, *4 (S.D.Ga. Jan. 23, 2008) (dismissing Section 2000a claim because "[p]laintiffs make absolutely no showing that they are subject to real or immediate threat of future discrimination by [defendant].").

### F. Plaintiffs' Section 1981 Claim And Their State And Local Law Claims Should Be Dismissed

Plaintiffs also allege discrimination claims under Section 1981, the HRL, the Civil Rights Law, and the CHRL. All three claims are analyzed under the same Section 1981 legal standards. *See, e.g., Drayton v. Toys 'R' Us Inc.*, 645 F.Supp.2d 149, 163 (S.D.N.Y. 2009) (noting that the

standard for claims under the HRL, CHRL, Civil Rights Law, and Section 1981 are identical);

*Bary v. Delta Airlines, Inc.*, CV-02-5202(DGT), 2009 WL 3260499, \*7 (E.D.N.Y. Oct. 9, 2009)

(same); *Joseph v. New York Yankees Pshp.*, No. 00-cv-2275 (SHS), 2000 WL 1559019, \*6

(S.D.N.Y. Oct. 19, 2000) ("[T]he standards governing claims asserted pursuant to [Section] 1981

are identical to those for claims asserted pursuant to the New York State and City Human Rights

Laws and the New York Civil Rights Law[.]")

In order to allege a Section 1981 claim, Plaintiffs must show that: (1) they "are members

of a racial minority; (2) [Defendant] intend[ed] discriminate against them on the basis of race;

and (3) discrimination concerning one of the statute's enumerated activities [sic]." *Brown v. City

of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000); *see also Hill v. Rayboy-Brauestein*, 467 F.Supp.2d

336, 368 (S.D.N.Y. 2006) ("[D]iscriminatory intent is a necessary element of a [Section] 1981

claim."). "Mere conclusory allegations do not suffice to support a section 1981 claim." *Hart v.

Westchester County Department of Social Services*, 160 F.Supp.2d. 570, 578 (S.D.N.Y. 2001)

(*citing Yusuf v. Vassar College*, 35 F.3d 709, 713-14 (2d Cir. 1994). As such, a plaintiff "must

specifically allege events [that] constitute intentional discrimination as well as circumstances

giving rise to a plausible inference of racially discriminatory intent." *Yusuf*, 35 F.3d at 713; *see

also Twombly*, 550 U.S. at 555-56. The allegations in the Complaint concerning Plaintiffs' race

discrimination claims are entirely conclusory. The Complaint merely asserts that 230 Fifth's

conduct was discriminatory, but the Complaint does not contain any specific facts supporting this

assertion; it does not detail how similarly-situated, white patrons were treated differently. As

such, the Complaint fails to satisfy the second or third elements necessary to establish a *prima

facie* case of race discrimination under Section 1981.

The Complaint does not contain any facts from which one could reasonably conclude that Defendant allegedly discriminated with intent against Plaintiffs on the basis of race. The Complaint does not allege that Defendant or any employee or agent of Defendant used derogatory or racist language. The Complaint does not allege that anyone expressed any racist behavior or animus whatsoever. The Complaint does not contain any facts that white patrons did not have issues with their reservations. The Complaint does not contain any facts that white patrons were not subject to the same bottle and dollar minimums as Plaintiffs. The Complaint does not contain any facts that white patrons were permitted to bring in cakes from the outside. In fact, other than Plaintiffs being African-American, there are no facts alleged to conclude that race played any role in the actions attributed to Defendant by Plaintiffs. This is simply insufficient to survive a motion to dismiss. *See McKnight v. Middleton*, 699 F.Supp.2d 507, 530-31 (E.D.N.Y. 2010) (dismissing Section 1981 claim because plaintiff "failed to plead any non-speculative facts supporting an inference of racial animus, let alone intentional discrimination.").

Further, the Complaint does not allege that Defendant treated similarly-situated patrons differently. While the Complaint does assert that "white patrons were around the area and were not told they must sit" and "that white patrons were eating food on nearby sofas and were not harassed by management," *see* Richmond Aff., Ex. B, ¶¶ 53-54, there are no allegations that such individuals were "similarly-situated" to Plaintiffs. Indeed, for Section 1981 purposes, individuals are "similarly-situated" when "their circumstances [are] reasonably close resemblance of facts and circumstances." *Lizardo*, 270 F.3d at 101 (*citing Graham v. Long Island R.R.*, 230 F.3d 234, 40 (2d Cir. 2000)). Plaintiffs have not alleged whether the white patrons who were purportedly treated differently, were in as large a group as Plaintiffs, or whether they were alone. The Complaint does not allege whether the white patrons brought in

food from outside the premises or whether they purchased their food from Defendant.  The Complaint does not allege whether the white patrons sat on the unique sofa as did Plaintiffs.  In fact, the Complaint does not contain any facts from which a reasonable person could conclude that Plaintiffs and the white patrons with which they attempt to compare themselves are similarly-situated.  As such, Plaintiffs have failed to allege that they were similarly-situated to white patrons.

Accordingly, Plaintiffs' Section 1981 claim and their state and local law claims should be dismissed.

## CONCLUSION

For the reasons set forth herein, under Federal Rules of Civil Procedure 12(b)(1) and (6), the Court should dismiss Plaintiffs' Verified Complaint with prejudice in its entirety and grant such other and further relief as it deems just and proper.

Dated: New York, New York
       March 11, 2011

FOX ROTHSCHILD, LLP

By: _____
       Carolyn D. Richmond
       Ernest E. Badway, Esq.
       Glenn S. Grindlinger
       100 Park Avenue, Suite 1500
       New York, New York 10017
       (212) 878-7900

*Attorneys for Defendant*