UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

CHRISTINA WHITEHURST, RAINELL OWENS,
NICOLE RICHARDSON, ERNEST DAVIDSON,
QIAWNI MICOU, LUCIEN METELLUS, DINA
GARDNER, JENNIFER DANIEL, TAKITA MASON,
ASIA SANDERS, GAIL RODRIGUEZ, MARIE ST.
AUDE, CLETUS HYACINTH, ELLIS WHITEHURST,
RALPH DEJEAN and LORRAINE STANFORD,

                              Plaintiffs,

-against-

230 FIFTH, INC. and JOHN DOE (1-5),

                              Defendants.

———————————————————————x

11 Civ. 0767 (CM)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/11

MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS

McMahon, J.

      Christina Whitehurst, Rainell Owens, Nicole Richardson, Ernest Davidson, Qiawni Micou, Lucien Metellus, Dina Gardner, Jennifer Daniel, Takita Mason, Asia Sanders, Gail Rodriguez, Marie St. Aude, Cletus Hyacinth, Ellis Whitehurst, Ralph DeJean, and Lorraine Stanford (collectively, the "Plaintiffs") commenced this action against 230 Fifth, Inc. and John Does (1-5) (collectively, the "Defendants") on January 13, 2011, in New York Supreme Court. Defendants removed the case to this Court on February 3, 2011. On March 11, 2011, Defendants filed a motion to dismiss Counts One through Ten in the complaint under Federal Rule of Civil Procedure 12(b)(6).

      The crux of the Plaintiffs' allegations is that 230 Fifth, Inc., which manages and operates 230 Fifth, a restaurant and lounge in Manhattan, discriminated against Plaintiffs because they are African American. Plaintiffs assert eleven causes of action. In Counts One through Seven,

1

Plaintiffs assert federal-law claims based on alleged harassment and discrimination suffered by Plaintiffs because of their race. Similarly, in Counts Eight through Ten Plaintiffs assert state-law claims based on racial discrimination and harassment. Count Eleven asserts a state-law breach-of-contract claim.[1] For the reasons discussed, Counts Two, Three, Four, Five, Six, and Seven are dismissed. Defendants' motion to dismiss Counts One, Eight, Nine, and Ten is denied.

## I. BACKGROUND

230 Fifth is a popular restaurant and lounge located in Manhattan at 230 Fifth Avenue. (Compl. ¶ 20.) Plaintiff Rainell Owens wanted to host her birthday party at 230 Fifth on October 10, 2009. (Id. ¶ 25.) Plaintiffs Christina Whitehurst, Nicole Richardson, Ernest Davidson, Qiawni Micou, Lucien Metellus, Dina Gardner, Jennifer Daniel, Takita Mason, Asia Sanders, Gail Rodriguez, Marie St. Aude, Cletus Hyacinth, Ellis Whitehurst, Ralph DeJean, and Lorraine Stanford were guests at Owens' birthday party. Plaintiffs are all African American. (Id. ¶¶ 1-16.)

Plaintiffs allege that approximately two weeks prior to the event, Owens contacted 230 Fifth and made a reservation with a person named Ruby for 25-30 people on October 10. (Id. ¶ 26.) According to Plaintiffs, Owens gave Ruby a credit card to hold the reservation (id. ¶ 27), and was told that guests could pay for their drinks in cash during the party (id. ¶ 28). Ruby also told Owens that she was allowed to bring a birthday cake to the restaurant. (Id.)

On October 10, Owens arrived at 230 Fifth and was informed by the hostess that she could not locate her reservation. (Id. ¶¶ 29-31.) The hostess told Owens that she must be at the wrong location and asked her to leave. (Id. ¶ 32.) In response, Owens called Ruby and told her

---

[1] Defendants did not move to dismiss the breach-of-contract claim in Count Eleven.

that she was at the restaurant's front door. (Id. ¶ 33.) Ruby told Owens that she would create a reservation and assign her party a waitress. (Id. ¶ 34.)

Once seated, the waitress told Owens that she needed her credit card in order to start a "tab" and that there was a four-bottle minimum requirement at $250 per bottle. (Id. ¶¶ 35-36.) Owens was also told that a 10% gratuity charge would be added to the final bill. (Id. ¶ 36.)

Upon learning of the four-bottle minimum, Owens asked to speak to a manager, who "said extremely sarcastically that it's 'funny' how they can't find the reservation and it's 'funny' how no one told her that there's a four bottle minimum, and it's 'funny' how no one named Ruby works [here.]" (Id. ¶ 39.) Owens alleges that when she made the reservation she was told that there was no minimum requirement and that her guests could pay in cash. (Id. ¶ 37.) Owens alleges that 230 Fifth required her to give a deposit when it discovered that Plaintiffs were African American. (Id. ¶ 63.) Owens also alleges that the manager was white. (Id. ¶ 39.)

At some point during the evening, Owens was told that she could not bring a birthday cake inside the restaurant (id. ¶ 42)—contrary to what Ruby told her when she made the reservation (id. ¶ 43). Eventually, Owens was able to bring the birthday cake inside. (Id. ¶ 46.)

The cake was placed on a table in the middle of the area Owens and her friends occupied. (Id. ¶ 47.) Soon thereafter the manager told Owens to "hurry up and get rid of the cake." (Id. ¶ 48.) According to Plaintiffs, the manager wanted Plaintiffs to eat the cake quickly because "the owner thinks you people are going to mess up his furniture." (Id. ¶ 50.) Plaintiffs allege that "white patrons were eating food on nearby sofas and were not harassed by management." (Id. ¶ 54.)

3

Soon after the cake arrived, another manager—also alleged to be white—told Owens and her guests to sit down. (Id. ¶ 52.) Plaintiffs allege that other groups of white patrons were not told to sit down. (Id. ¶ 53.)

At some point during the evening, Plaintiffs were told, "'you people' are becoming a problem." (Id. ¶ 55.) The owner became angry at the two managers and started yelling, "these people [are] going to fuck up my $10,000 sofa! These kinds of people do not deserve to be here!" (Id. ¶ 57.) After the owner's statements, one manager told another manager, "Whatever you have to do, get those people out of here! You fucking do it! Give them their money back so they can get the fuck out!" (Id. ¶ 58.)

Owens and her guests were thrown out of 230 Fifth. (Id. ¶ 59.) When Owens asked why, the manager said, "Fuck you! You people don't deserve to be here." (Id. ¶ 60.)

On January 13, 2011, Plaintiffs commenced this action in New York Supreme Court. Defendants removed the case to this Court on February 3, 2011. The Complaint alleges eleven causes of action. Counts One and Two assert causes of action under 42 U.S.C. § 1981. While Count One requests equitable relief—specifically, an injunction and diversity training for employees of 230 Fifth, Inc.—Count Two requests compensatory and punitive damages. Counts Three, Four, Five, Six, and Seven allege that Defendants violated 42 U.S.C. § 1983, § 1985, § 1986, § 1988, and § 2000a respectively. Counts Eight through Ten allege causes of action under New York Human Rights Law § 296 (Count Eight), New York Civil Rights Law § 40 (Count Nine), and New York City Human Rights Law 8-107(4) (Count Ten). Finally, Count Eleven alleges a breach-of-contract claim against Defendants, based on an alleged contract between 230 Fifth and Plaintiff Rainell Owens. Defendants have moved to dismiss Counts One through Ten under Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

### A. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe all claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 44 (2d Cir. 2003); see also Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations, citations, and alterations omitted). Thus, unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." Id. at 570; Iqbal, 129 S. Ct. at 1950-51.

Finally, in deciding a motion to dismiss, a court may consider the full text of documents that are quoted in or attached to the Complaint, or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit. Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000) (citing Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991)); San

5

Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 808 (2d Cir. 1996).

### B. Defendants' Motion to Dismiss Plaintiffs' First Cause of Action is Denied, but its Motion to Dismiss Plaintiffs' Second Cause of Action is Granted.

In Count One, Plaintiffs allege that Defendants violated 42 U.S.C. § 1981. Section 1981 provides,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.

To state a claim under section 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). See Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993); see also Drayton v. Toys 'R' Us Inc., 645 F. Supp. 2d 149, 158 (S.D.N.Y. 2009).

Plaintiffs base their Section 1981 claim on Defendants' refusal to honor Plaintiffs' reservation for October 10, 2009, which they argue created a contract. Plaintiffs therefore allege that Defendants interfered with their right to make and enforce contracts.

Plaintiffs allege that, when the reservation was made, the hostess informed Owens that she did not need a deposit to hold the reservation, there was no minimum bottle requirement, that a birthday cake could be brought to the restaurant, and that guests could pay in cash for their own

6

food and beverage during the party. (Compl. ¶¶ 26-28, 37, 43.) According to Plaintiffs, only after the hostess discovered that Plaintiffs were African American did she deny that a reservation existed and impose the bottle requirement. (Id. ¶ 31, 35-36, 37, 42, 48-50.) Plaintiffs also allege that they are members of a racial minority (id. ¶ 62), and that groups of similarly situated white patrons at 230 Fifth were treated differently (id. ¶ 53-54). Finally, Plaintiffs allege that race was the motivating factor in how 230 Fifth treated Plaintiffs on October 10. (Id. ¶¶ 62-64.)

On a motion to dismiss, the Court must assume the truth of the Plaintiffs' allegations and draw all reasonable inferences in the Plaintiffs' favor. King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Because Plaintiffs have pled the three elements of a Section 1981 claim, Defendants' motion to dismiss Count One is denied.

Count Two, however, is duplicative of Count One, because both allege claims under Section 1981. Accordingly, Count Two is dismissed.

C. Defendants' Motion to Dismiss Plaintiffs' Third Cause of Action is Granted.

In Count Three, Plaintiffs assert a cause of action under 42 U.S.C. § 1983. Section 1983 provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. Defendants argue that Plaintiffs' Section 1983 claim should be dismissed because the statute does not apply to private conduct, and Plaintiffs do not allege that Defendants are governmental entities or otherwise acted under color of state law. Plaintiffs do not respond to Defendants' argument for dismissal of their Section 1983 claim.

7

Defendants are correct. In order to state a claim under Section 1983, Plaintiffs must allege that Defendants were acting under color of state law. See, e.g., Haley v. Pataki, 106 F.3d 478, 482 (2d Cir. 1997) (listing elements of a Section 1983 claim). A private actor is generally not a proper defendant in a Section 1983 cause of action because they do not act under color of state law. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Thus, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Id. (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).

Here, the named Defendant is a private entity: 230 Fifth, Inc. is a private corporation. (Compl. ¶ 17.) "Although private actors are liable under Section 1983 if they conspired with state officials," there are no allegations in the Complaint that Defendants acted in concert with a state actor to commit an unconstitutional act. See Zavalidroga v. Cote, 2010 WL 3894789, at *2 (2d Cir. Oct. 6, 2010). Plaintiffs do not allege that 230 Fifth is a governmental entity nor do they allege that 230 Fifth acted as an agent of the government. As such, there are no allegations to support an inference that 230 Fifth acted "under color of state law" which is required to maintain a claim under Section 1983.

Accordingly, Count Three is dismissed.

D. Defendants' Motion to Dismiss Plaintiffs' Fourth Cause of Action is Granted.

In Count Four, Plaintiffs allege that Defendants violated 42 U.S.C. § 1985. Section 1985 provides, in relevant part, that

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

8

42 U.S.C. § 1985(3). Section 1985 provides a statutory remedy where a plaintiff can prove a conspiracy to violate his civil rights. The statute applies to individuals as well as to state actors. See Traggis v. St. Barbara's Greek Orthodox Church, 851 F.2d 584, 586-87 (2d Cir. 1988); Vertical Broad., Inc. v. Town of Southampton, 84 F. Supp. 2d 379, 389 (E.D.N.Y. 2000). The statute does not create any substantive rights, but rather provides a remedy for the deprivation of rights guaranteed by the United States Constitution. See Vertical Broad., 84 F. Supp. 2d at 389 (citing Great Am. Fed. Sav. & Loan v. Novotny, 442 U.S. 366, 372 (1979)).

To state a claim under Section 1985, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). "A conspiracy is an agreement between two or more individuals, where one individual acts in furtherance of the objective of the conspiracy, and each member has knowledge of the nature and scope of the agreement." See Dove v. Fordham Univ., 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999).

"[A] plaintiff alleging a conspiracy under § 1985(3) must allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Thomas, 165 F.3d at 147. To establish a § 1985 conspiracy, plaintiff must "provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003) (quoting Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000)). "[A] complaint containing only conclusory, vague, or general allegations

9

of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997).

Plaintiffs allege that the "owners, managers and employees of 230 Fifth use[d] intimidation, harassment, denial of service, discriminatory billing practices, and outright expulsion as [a] means to prevent African-Americans from patronizing 230 Fifth." (Compl. ¶ 71.) The Second Circuit has repeatedly held that such conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights are insufficient—even on the more lenient standard used to decide a motion to dismiss. See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999); see also Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983). The Complaint contains no allegations to support the existence of a conspiracy. Plaintiffs do not allege any facts from which to infer that the hostess, waitress, two managers, and owner of 230 Fifth, had an agreement to discriminate against Plaintiffs based on their race. There are no facts in the complaint from which to infer the existence of an agreement between employees and management at 230 Fifth to deprive minorities of their civil rights. Thus, Plaintiffs' Section 1985 claim is dismissed for failure to state a claim.

Alternatively, Defendants argue that the intra-corporate immunity defense makes Plaintiffs' Section 1985 claim legally impossible. Plaintiffs, on the other hand, argue that the intra-corporate immunity defense does not apply, because Plaintiffs have alleged a series of separate discriminatory acts by the corporate entity and its agents.

"Under the 'intracorporate conspiracy' doctrine, the officers, agents, and employees of a single corporate entity, each acting within the scope of her employment, are legally incapable of conspiring together." Little v. City of New York, 487 F. Supp. 2d 426, 441-42 (S.D.N.Y. 2007). An exception to the intra-corporate conspiracy doctrine exists where the individuals are

10

"motivated by an independent personal stake in achieving the corporation's objective." Salgado v. City of New York, 2001 WL 290051, at *8 (S.D.N.Y. Mar. 26, 2001) (citing Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978)). However, for the exception to apply the "personal stake" alleged on the part of the individual defendants must extend beyond their own personal racial bias. Salgado, 2001 WL 290051, at *9.

All of the John Doe Defendants are alleged to be employees or managers of Defendant 230 Fifth, Inc. Plaintiffs generally allege that they were "discriminated against solely on the basis of their race" but do not provide any allegations from which to infer that any of the individual defendants were motivated by a personal stake in achieving the objectives of their employer, 230 Fifth, Inc., rather than their own racial bias. Thus, even if Plaintiffs had satisfied their pleading burden for a Section 1985 claim, the claim would nonetheless be dismissed under the intra-corporate immunity doctrine.

E. Defendants' Motion to Dismiss Plaintiffs' Fifth Cause of Action is Granted.

Count Five asserts a claim under 42 U.S.C. § 1986, which provides, in relevant part, that

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

42 U.S.C. § 1986.

Defendants argue that Plaintiffs' Section 1986 claim should be dismissed because Plaintiffs have failed to state a claim under Section 1985. Plaintiffs do not respond to Defendants' argument.

11

Section 1986 creates a cause of action against anyone who, knowing that equal protection is about to be denied as a result of conspiratorial action, and having the power to prevent such wrong, fails to act. Section 1986 thus provides a cause of action for failure to prevent a Section 1985 conspiracy. 42 U.S.C. § 1986. "Hence, a § 1986 claim is contingent on a valid § 1985 claim." Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996).

Because Plaintiffs' Section 1985 claim should be dismissed, their claim pursuant to Section 1986 is dismissed. Graham, 89 F.3d at 82 (dismissing Section 1986 claim where complaint contained no allegation of Section 1985 violation); see also Zaidi v. Amerada Hess Corp., 723 F. Supp. 2d 506, 516 (E.D.N.Y. 2010).

Alternatively, Defendants argue that Plaintiffs' Section 1986 claim is barred by the statute of limitations. Plaintiffs do not respond to this argument.

Section 1986 expressly provides for a one-year limitations period. 42 U.S.C. § 1986; see also Bishop v. Henry Modell & Co., 2009 WL 3762119, at * 5 (S.D.N.Y. Nov. 10, 2009). The incident underlying the Complaint occurred on October 10, 2009. (Compl. ¶ 25.) Plaintiffs commenced this action on January 13, 2011—more than three months after the limitations period expired on October 10, 2010. Thus, Plaintiffs' Section 1986 claim is also barred by the statute of limitations.

F. Defendants' Motion to Dismiss Plaintiffs' Sixth Cause of Action is Granted.

Plaintiffs also assert a claim under 42 U.S.C. § 1988 in their Sixth Cause of Action. Section 1988 allows a prevailing party, in certain cases, to seek reimbursement for reasonable attorney's fees. See 42 U.S.C. § 1988(b).

Defendants argue that Count Six should be dismissed because Section 1988 does not create an independent cause of action. Plaintiffs provide a one-line response to Defendants'

12

argument: "Plaintiffs reserve their right to move for attorneys' fees if they prevail in any part of this action, as they are entitled to under 42 U.S.C. Section 1988."

Defendants are correct that Section 1988 does not create an independent cause of action. See, e.g., Weiss v. Violet Realty, Inc., 2005 WL 3527870, at *1 (2d Cir. Dec. 23, 2005); Shue v. United States, 2010 WL 3613858, at *4 (E.D.N.Y. Sept. 3, 2010).

Accordingly, Count Six is dismissed.

G. Defendants' Motion to Dismiss Plaintiffs' Seventh Cause of Action is Granted.

In Count Seven, Plaintiffs assert a claim under 42 U.S.C. § 2000a.

Section 2000a provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the grounds of race." 42 U.S.C. § 2000a(a). A place of "public accommodation" is an establishment either affecting interstate commerce or supported by state action that falls into one of the following categories: "(1) a lodging for transient guests located within a building with more than five rooms for rent; (2) a facility principally engaged in selling food for consumption on the premises, including such facilities located within retail establishments and gasoline stations; (3) any place of exhibition or entertainment; (4) any establishment located within an establishment falling into one of the first three categories, and which holds itself out as serving patrons of that establishment; or (5) any establishment that contains a covered establishment, and which holds itself out as serving patrons of that covered establishment." Bishop v. Henry Modell & Co., 2009 WL 3762119, at *12 (S.D.N.Y. Nov. 10, 2009) (citing 42 U.S.C. § 2000a(b)).

Defendants raise two arguments for dismissal of Plaintiffs' Section 2000a claim. First, Defendants argue that Plaintiffs did not exhaust their administrative remedies prior to asserting

their Section 2000a claim.  Second, Defendants argue that Plaintiffs' claim should be dismissed for failure to state a claim, because Plaintiffs do not allege any facts that would support injunctive relief—the only remedy that is available for violations of Section 2000a.

Plaintiffs respond only to Defendants' argument that they failed to exhaust their administrative remedies.  Plaintiffs notified the New York Attorney General of their suit, and argue that such notice satisfies the notice requirement in Section 2000a.  Defendants argue that notice to the Attorney General is insufficient, because the statute requires notice to the New York State Division of Human Rights.  Without such notice, Defendants argue, this Court lacks subject-matter jurisdiction to adjudicate Plaintiffs' claim under Section 2000a.

Section 2000a-3(c) provides that where a state or local law prohibits the practice, "no civil action may be brought . . . before the expiration of thirty days after written notice of such alleged act or practice has been given to the *appropriate* State or local authority . . . ." 42 U.S.C. § 2000a-3(c) (emphasis added).  New York law states that "All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations."  New York Civ. Rights Law § 40.  Section 293 of the New York Executive Law establishes an agency to deal with civil rights complaints— the New York State Division of Human Rights.  N.Y. Exec. Law § 293; see also Ghaznavi v. Days Inn of Am., Inc., 1993 WL 330477, at *3 (S.D.N.Y. Aug. 20, 1993).  Further, New York provides a one-year statute of limitations running from the date of the event for complaints of discriminatory practices.  N.Y. Exec. Law § 297(5); see also Perry v. S.Z. Restaurant Corp., 1998 WL 778394, at *2 (S.D.N.Y. Nov. 6, 1998).

Plaintiffs argue that notice to the New York Attorney General is sufficient, but they offer no case law to support their argument, because there is none: the few cases that have addressed

the issue of written notice all hold that notice to the New York Division of Human Rights is required. See, e.g., Perry v. S.Z. Restaurant Corp., 1998 WL 778394, at *2 (S.D.N.Y. Nov. 6, 1998); Ghaznavi v. Days Inn of Am., Inc., 1993 WL 330477, at *3 (S.D.N.Y. Aug. 20, 1993); accord Chance v. Reed, 538 F. Supp. 2d 500, 509-10 (D. Conn. 2008) (applying Connecticut law). Because Plaintiffs did not provide such notice, Plaintiffs have not exhausted their administrative remedies. Thus, Defendants' motion to dismiss Plaintiffs' Seventh Cause of Action is granted.

### H. Defendants' Motion to Dismiss Plaintiffs' Eighth, Ninth, and Tenth Causes of Action is Denied.

Plaintiffs also assert claims in Count Eight under New York State Human Rights Law § 296 ("NYSHRL"), in Count Nine under New York Civil Rights Law § 40 ("NYCRL"), and in Count Ten under New York City Human Rights Law § 8-107(4) ("NYCHRL").

The same standard applies for claims of discrimination pursuant to Section 1981, NYSHRL, and NYCHRL. Constance v. Pepsi Bottling Co., 03-CV-5009(CBA)(MDG), 2007 WL 2460688 (E.D.N.Y. Aug. 24, 2007) (citing Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 225-26 (2d Cir. 2004); Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 234 (2d Cir. 2000)). Claims under the New York Civil Rights Law are also analyzed under the same standard applied to Section 1981 claims. Drayton v. Toys 'R' Us Inc., 645 F. Supp. 2d 149, 163-64 (S.D.N.Y. 2009).

Thus, because Plaintiffs' have sufficiently pled a Section 1981 claim, Defendants' motion to dismiss the analogous state-law claims in Counts Eight through Ten is denied.

### III. CONCLUSION

For the reasons discussed, Counts Two, Three, Four, Five, Six, and Seven are dismissed. Defendants' motion to dismiss Counts One, Eight, Nine, and Ten is denied.

The Clerk is instructed to remove docket entry six from the Court's list of pending motions.

Dated: July 26, 2011

*[signature]*

U.S.D.J.

BY EFC TO ALL COUNSEL